J-S61009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOMER RICHARD CLIFFORD SR. | : | |
| | : | |
| Appellant | : | No. 1869 EDA 2019 |

Appeal from the PCRA Order Entered May 29, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003562-2011

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 15, 2020**

Appellant, Homer Richard Clifford, Sr., appeals from the order entered in the Court of Common Pleas of Chester County dismissing his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

In this Court's memorandum decision, ***Commonwealth v. Clifford***, No. 28 EDA 2018, 2018 WL 3639603, unpublished memorandum (Pa.Super. filed Aug. 1, 2018) (dismissing Appellant's fourth PCRA petition as untimely), we set forth the following pertinent procedural history:

> On April 30, 2012, Appellant pled guilty to two counts of Involuntary Deviate Sexual Intercourse (IDSI, victim less than 13 years old), Corruption of Minors, and Endangering the Welfare of Children.  On October 11, 2012, Appellant was sentenced to an aggregate term of ten to twenty years' imprisonment and was determined to be a Sexually Violent Predator (SVP).

---

[*] Former Justice specially assigned to the Superior Court.

Appellant did not appeal, but instead attempted to file a post-sentence motion on November 13, 2012. As this filing was submitted more than thirty days after the judgment of sentence, the lower court treated the filing as a PCRA petition and appointed Appellant counsel. Thereafter, counsel sought to withdraw under *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

On April 24, 2013, the PCRA court issued notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907, but Appellant did not respond to the Rule 907 notice. On June 21, 2013, the PCRA court dismissed Appellant's petition and on November 26, 2013, this Court dismissed Appellant's appeal for the failure to file a brief.

On October 10, 2014, Appellant filed his second PCRA petition and was again appointed counsel, who ultimately sought to withdraw under *Turner* and *Finley*. On March 10, 2015, the PCRA court allowed counsel to withdraw and dismissed the petition. This Court affirmed the PCRA court's decision on November 30, 2015.

On February 8, 2016, Appellant filed a petition for writ of *habeas corpus*, which was treated as Appellant's third PCRA petition and subsequently dismissed on April 11, 2016. This Court affirmed the PCRA court's order on November 23, 2016 and the Supreme Court denied Appellant's petition for allowance of appeal on July 17, 2017.

On September 19, 2017, Appellant filed [his fourth] PCRA petition, arguing, *inter alia*, that the application of the lifetime registration requirement under Pennsylvania's Sex Offender Registration and Notification Act (SORNA) violates his constitutional rights. Appellant relies on *Commonwealth v. Muniz*, ––– Pa. ––––, 164 A.3d 1189 (2017), in which the Supreme Court held that certain provisions of SORNA are punitive and retroactive application of such requirements violates the ex post facto clauses of the federal and Pennsylvania constitutions.

On September 29, 2017, the PCRA court issued a notice of intent to dismiss, finding Appellant's petition to be untimely filed. Moreover, the PCRA court found the decision in *Muniz* is not applicable to Appellant who was subject to a lifetime registration requirement under Megan's Law II when he was convicted and

sentenced and this registration requirement did not change with the enactment of SORNA. On October 23, 2017, Appellant filed a response to the Rule 907 notice. On November 21, 2017, the PCRA court dismissed the petition as untimely filed.

*Clifford*, No. 28 EDA 2018, 2018 WL 3639603, at *1.

On appeal, this Court affirmed. Specifically, we relied on precedent to hold that until the Pennsylvania Supreme Court holds that *Muniz* applies retroactively in order to satisfy the PCRA timeliness exception under subsection 9545(b)(1)(ii), "*Muniz* is not applicable at this point to untimely-filed PCRA petitions." *Clifford*, *supra*.

On April 12, 2019, Appellant filed *pro se* the present PCRA petition, his fifth, raising the same issues he raised in his untimely fourth petition. On May 1, 2019, the PCRA court issued a Notice of its Intent to Dismiss, to which Appellant filed a Response dated May 22, 2019. On May 29, 2019, the PCRA court dismissed Appellant's fifth petition as untimely. This timely appeal follows.

Among the several issues Appellant raises is the jurisdictional question of whether *Muniz* applies retroactively to qualify his otherwise patently untimely fifth petition for an exception to the PCRA timeliness provisions. Consistent with settled precedent, we hold that it does not.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citation omitted). We grant great deference to the PCRA court's factual findings and we will not disturb them unless they

- 3 -

have no support in the record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super. 2014) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, a petitioner must file his petition within sixty days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).[1]

In **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), this Court explained:

> **that this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the a]ppellant's PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception.

**Murphy**, 180 A.3d at 405-06 (emphasis in original) (citations omitted).

Consistent with **Murphy**, Appellant obtains no relief *sub judice* because, to date, our Supreme Court has not held **Muniz** to apply retroactively to meet the Section 9545(b)(1)(iii) exception. Accordingly, we affirm the PCRA court's order, as Appellant's serial petition is untimely.

Order affirmed.

_____

[1] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/20